

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HUGO MARTIN RECINOS-RECINOS, *et al.***                                    CIVIL ACTION

versus                                                                       NUMBER 05-1355

**EXPRESS FORESTRY, INC., *et. al.*****                                        SECTION: I/2

### ORDER AND REASONS

Before this Court is a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure filed on behalf of defendants, Rick Thomas and Sandy Thomas ("the Thomases").[1]  For the reasons set forth below, defendants' motion is **DENIED**.

#### *Background*

Plaintiffs, Hugo Martin Recinos-Recinos, Pablo Recinos-Alvarado, and Alberto Alvarado, are seeking to recover on behalf of themselves and all others similarly situated for alleged violations of their rights pursuant to the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801-1871, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

---

[1] Rec. Doc. No. 15.

201-219.[2]  Plaintiffs are migrant agricultural workers who were admitted into the United States to work pursuant to the H-2B temporary foreign worker visa program.[3]  Plaintiffs allege that they were employed in the forestry operations of defendants, the Thomases and Express Forestry, Inc., at various times from April, 1999, through the date of the filing of their complaint.[4]  Plaintiffs further allege that the Thomases have "conducted significant business in this District [and that they have] significant contacts with the state of Louisiana and this District such that jurisdiction and venue are proper in this Court."[5]  The Thomases contend that they lack the requisite contacts with the state to justify this Court's exercise of personal jurisdiction.[6]

### Law and Analysis

When a defendant, who is not a resident of the state in which the district court is located, presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the

---

[2] Rec. Doc. No. 1, ¶ 1.  Plaintiffs seek restitution for unpaid wages, money damages, and declaratory and injunctive relief.  *Id.* at ¶ 4.

[3] *See* Rec. Doc. No. 1, ¶ 1; Rec. Doc. No. 13, ¶ 3.

[4] Rec. Doc. No. 1, ¶ 1.

[5] Rec. Doc. No. 1, ¶¶ 18, 20.

[6] Express Forestry, the corporate employer of plaintiffs, has not contested personal jurisdiction.  *See* Rec. Doc. No. 15, p. 4 ("None of the Defendants in this case denies that Express Forestry conducts business in Louisiana and, thus, Express Forestry, Inc. is subject to the jurisdiction of the Court.").

nonresident.  *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *see Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996).  However, plaintiff's burden is to establish prima facie evidence of personal jurisdiction, rather than establishing it by a preponderance of the evidence.  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).  The uncontroverted allegations of the party seeking to assert jurisdiction must be accepted as true, and conflicts in the facts must be resolved in favor of that party.  *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (internal citations omitted).

Personal jurisdiction may be exercised in this case if:  (1) the long arm statute of the forum state creates personal jurisdiction over the defendant and (2) the exercise of personal jurisdiction is consistent with constitutionally guaranteed due process.  *See Patin v. Thoroughbred Power Boats*, 294 F.3d 640, 652 (5th Cir. 2002).  In Louisiana, the jurisdictional two part analysis "becomes a unitary inquiry, because the state long-arm statute extends jurisdiction over nonresidents to the extent allowed by federal due process."[7]  *ICEE Distribs., Inc. v. J&J*

---

[7] Louisiana's long-arm statute is codified in La. R.S. § 13:3201, which states in pertinent part: "A court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States."

*Snack Foods Corp.*, 325 F.3d 586, 591 (5th Cir. 2003).

The due process clause permits personal jurisdiction over a nonresident defendant "when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 2d (1945)). Due process requires that the defendant's contact with the forum is such that the defendant "should reasonably anticipate being haled into court" in the forum state. *Latshaw*, 167 F.3d at 211 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567 62 L. Ed. 2d 490 (1980)).

"Sufficient minimum contacts will give rise to either specific or general jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). A plaintiff may establish minimum contacts by either establishing specific or general jurisdiction. Specific jurisdiction over a nonresident defendant exists when "the lawsuit arises from or relates to the defendant's contact with the forum state." *J.R. Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 871 (5th Cir. 2000) (internal quotations and citations

omitted); see also *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 1872 n.8, 80 L. Ed. 2d 404 (1984).  General jurisdiction exists when a defendant's contacts with the forum state are not related to the cause of action, but are continuous and systematic.  *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (internal citation omitted); see also *Alpine View*, 205 F.3d at 217 (stating that in order to show contacts unrelated to the litigation are sufficient to satisfy due process, the contacts must be substantial, continuous, and systematic).  If the plaintiff can establish minimum contacts thereby satisfying the due process requirements, the exercise of personal jurisdiction by the court over the defendant is proper unless the defendant establishes the unreasonableness of the forum.  See *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993).

   The Thomases are shareholders, officers and employees of Express Forestry.[8]  The thrust of the Thomases' motion to dismiss is that they, in their individual capacities, have no personal contacts with Louisiana and, therefore, personal jurisdiction is lacking because they cannot be reached through Express Forestry. The Thomases are residents of Arkansas and they have never resided in Louisiana.[9]  They have submitted declarations in

---

[8] *See* Rec. Doc. No. 15.

[9] *See* Rec. Doc. Nos. 1, ¶¶ 18, 20, 13, ¶¶ 12, 14.

support of their motion stating that they do not conduct any personal business in Louisiana, nor do they have sufficient minimum contacts with Louisiana which would permit the exercise of personal jurisdiction by this Court.[10]  The Thomases argue that any conduct performed as officers of Express Forestry is shielded from the minimum contacts evaluation by Louisiana's fiduciary shield doctrine.

Pursuant to Louisiana law, the fiduciary shield doctrine "holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual."  *Stuart*, 772 F.2d at 1197 (internal citations omitted); *see also Fuller v. Am. Recreational Vehicles*, 801 So. 2d 642 (La. App. 3d Cir. 2001).[11]  In *Stuart v. Spademan*, the United States Fifth Circuit applied the fiduciary shield doctrine in a breach of contract case.  772 F.2d at 1197.  Although the doctrine has been recognized in this circuit, the fiduciary shield doctrine is irrelevant if the plaintiffs are not seeking to attribute the corporation's contacts to the individual defendants.  *See id.* at 1196-97.

In an action where the plaintiff alleges direct corporate

---

[10] Rec. Doc. No. 15, declarations of Rick Thomas and Sandy Thomas.

[11] Although the general rule does not allow jurisdiction over an individual that is "predicated upon jurisdiction over a corporation, courts have recognized an exception to this rule when the corporation is the alter ego of this individual."  *Stuart*, 772 F.2d at 1197.  Plaintiffs do not argue that Express Forestry is but a facade for the Thomases' individual activities.

officer liability pursuant to a federal statute like the FLSA or the AWPA, the Fifth Circuit has not held that the fiduciary shield doctrine defeats minimum contacts for jurisdictional purposes.  For example, in *Dovovan v. Grim Hotel Co.*, the Fifth Circuit found no merit to a corporate president's attempt to rely upon the fiduciary shield principle in an FLSA action against him.  747 F.2d 966, 973 & 973 n.10 (5th Cir. 1984) (discussing Texas's fiduciary shield doctrine).  The *Grim Hotel* court recognized that the defendant-corporate president was sued for direct "violations of the federal statute [the FLSA], under which [the defendant] is characterized as an employer and is personally responsible for defaults . . . ."  *Id.* at 973.  The court, distinguishing the situation before it from one where a plaintiff seeks to hold a defendant derivatively liable for acts performed by the corporation, refused to apply the fiduciary shield doctrine when it stated:

> [Defendant] is personally responsible for defaults because of his substantial personal control of the terms and conditions of the [forum] employees' work in [the forum].  He, no less than the corporations he owned, directed, and controlled, is personally liable for unpaid statutory wages to his employees.  Consequently, his [forum]-connected acts that produced injurious effects to the [forum]-based employees cannot, as a matter of law or fact, be regarded as performed solely in his corporate capacity.

*Id.* (citations omitted).

Essentially, the Thomases' invocation of the fiduciary shield doctrine is appropriate only if plaintiffs are seeking to

hold them liable solely through the corporation. If the Thomases may be held directly liable as employers pursuant to the FLSA and/or the AWPA for activities allegedly conducted as Express Forestry's corporate officers, shareholders, and/or employees, then their argument that personal jurisdiction is lacking based on the fiduciary shield doctrine is unavailing.

In order to hold the Thomases directly liable pursuant to the FLSA or the AWPA, they must be, *inter alia*, employers within the meaning of the statutes. The Thomases contend that they did not, in their individual capacities, employ plaintiffs within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g). Whether an individual is an employer for the purpose of the FLSA is a question of law. *See Beliz v. McLeod*, 765 F.2d 1317, 1327 (5th Cir. 1985). Pursuant to the FLSA, an employer is broadly defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The AWPA regulations explicitly incorporate the FLSA's definitions for "employ," "employer," and "employee." *See* 29 C.F.R. § 500.20(h); *see also Cruz v. Vel-a-Da, Inc.*, No. 3:90CV7087, 1993 WL 658968, at *1 (N.D. Ohio June 9, 1993) (recognizing that a corporate officer who was an employer under the FLSA was also an employer under the AWPA "because the AWPA expressly adopted the FLSA's definition of employer").

Fifth Circuit law makes clear that "[t]he FLSA's definition

of employer must be liberally construed to effectuate Congress' remedial intent." *Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (citing *Sabine Irrigation*, 695 F.2d at 194). In order to determine whether a corporate officer is an employer under the FLSA, courts examine whether the officer "acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194-95 (5th Cir. 1983). The *Circle C Investments* court also recognized that the FLSA's definition of employer is "sufficiently broad to encompass an individual" who lacks a possessory interest in the employer corporation and includes an individual who controls pay, hiring, firing, and other employment practices. *Circle C*, 998 F.2d 329.

Notwithstanding the fact that the Thomases have submitted declarations stating that they have no individual contacts with Louisiana and that they do not own property or bank accounts in this State,[12] the Court finds that both individual defendants as officers, shareholders and employees of the defendant-corporation, Express Forestry, can be characterized as employers under the FLSA and the AWPA as they have exercised sufficient control with respect to payment, supervision, and management of plaintiffs and other migrant agricultural worker employees,.

The Thomases incorporated Express Forestry; since its

---

[12] *See* Rec. Doc. No. 15.

incorporation, Rick Thomas has served as its president; the Thomases are the sole members of its board of directors; and there are no corporate officers other than the Thomases. In his deposition, Rick Thomas testified that he maintains control over Express's employment and pay practices, and that he has the authority to make all major decisions regarding Express Forestry's business affairs.[13] Either Sandy Thomas or Rick Thomas endorses the workers' paychecks each pay period, and Sandy Thomas is responsible for maintaining payroll records.[14]

All of the factors identified herein compel a determination that the Thomases are employers who may be statutorily liable under the FLSA and the AWPA. Furthermore, no one contests that Express Forestry's contacts with Louisiana are sufficient to support an assertion of personal jurisdiction. Therefore, the Court finds that the Thomases have engaged in significant business in Louisiana in connection with their employment of plaintiffs, which defeats any assertion that the minimum contacts necessary for the exercise of personal jurisdiction have not been established.

Once the plaintiffs have established minimum contacts, the defendants "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."

---

[13] Rec. Doc. No. 25, exhibit 1, deposition of Rick Thomas.

[14] Rec. Doc. No. 25, exhibit 1, deposition of Rick Thomas

*Gundle Lining Constr.*, 85 F.3d at 207 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 2185, 85 L. Ed. 2d 528 (1985)).  In order to determine the reasonableness of the forum and the fairness of exercising personal jurisdiction, the following factors should be evaluated:  (1) the burden on the defendant; (2) the interest of the forum state in litigating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interest of the judicial system as a whole in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.  *Asahi Metal Indus. Co., Ltd. v. Super. Co. of Cal., Solano County*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987); *see also Southwest Offset, Inc. v. Hudco Publishing Co.*, 622 F.2d 149, 152 (5th Cir. 1980).  The Thomases bear the burden of demonstrating the unreasonableness of this forum and they must establish a "compelling case" against the exercise of jurisdiction.  *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

The Thomases have made no showing with respect to the unreasonableness of this forum, let alone a compelling case that "traditional notions of fair play and substantial justice" would be offended.  *Id.* (quoting Burger King Co., 471 U.S. at 477, 105 S. Ct. 2174).  Rather, they have asserted only that plaintiffs have failed to establish minimum contacts by way of the fiduciary

shield doctrine. Because defendants have not demonstrated any hardship which would outweigh the interests of the plaintiffs and the forum state, the Court concludes that the reasonableness requirement is met.

Accordingly, for the above and foregoing reasons, the defendants' motion to dismiss for lack of personal jurisdiction is **DENIED**.

Houston, Texas, October __5__, 2005.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**