UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HUGO MARTIN RECINOS-RECINOS, *et al.*          CIVIL ACTION

versus                                         NUMBER 05-1355

EXPRESS FORESTRY, INC., *et al.*               SECTION: I/3

### ORDER AND REASONS

Before the Court are two motions filed on behalf of plaintiffs, Hugo Martin Recinos-Recinos, Pablo Recinos-Alvarado, and Alberto Alvarado:  1) a motion for certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure,[1] and 2) a motion for conditional certification of a collective action.[2]  For the reasons set forth below, both motions are **GRANTED**.

### *Background*

Plaintiffs are migrant agricultural workers who were admitted into the United States to work pursuant to the H-2B temporary foreign worker visa program.[3] Defendants, Express Forestry, Inc., Rick Thomas, and Sandy Thomas, operate a tree planting service which bids on and negotiates contracts to plant

---

[1] Rec. Doc. No. 22.

[2] Rec. Doc. No. 47.

[3] *See* Rec. Doc. No. 1, ¶ 1.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

trees on land owned by other individuals and companies.[4]

Plaintiffs seek to recover on behalf of themselves and all others similarly situated for alleged violations of their rights pursuant to the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801-1871, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.[5]  Plaintiffs allege that they were employed in the forestry operations of defendants at various times from April, 1999, through the date of the filing of their complaint.[6]

Plaintiffs filed this lawsuit challenging defendants' failure to comply with the record keeping, wage statement and wage payment provisions of the AWPA and the FLSA.[7]  With respect to their FLSA claim, plaintiffs allege that they and similarly situated H-2B workers were not paid the federal minimum wage for all hours worked, that they were not paid for time waiting and preparatory work, and that they were paid by piece, i.e., for each tree planted, rather than by the hour.  Plaintiffs identify a class of all non-supervisory workers admitted as H-2B temporary foreign workers who were employed by defendants between April, 2002, and the present.

---

[4] Rec. Doc. No. 1, ¶ 22.

[5] Rec. Doc. No. 1, ¶ 1.  Plaintiffs seek restitution for unpaid wages, money damages, and declaratory and injunctive relief.  *Id.* at ¶ 4.

[6] Rec. Doc. No. 1, ¶ 1.

[7] Rec. Doc. No. 1, ¶ 22.

With respect to their AWPA class action, plaintiffs propose that the class consists of "all those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by defendants in any capacity from April 1999 until the date of filing of the present action."[8]  Plaintiffs believe the proposed class will consist of about 300 members.[9]  Plaintiffs also propose a subclass, represented by Hugo Martin Recinos-Recinos, consisting of "all those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(B), who were employed by the Defendants in any capacity from April 1999 until the date of filing of the present action who pledged collateral with the defendants' agents in order to obtain employment with the defendants."[10]

### Law and Analysis

### I.   Plaintiffs' Collective Action Pursuant to the FLSA

Plaintiffs move for preliminary certification of the claims set forth in count II of their complaint as an FLSA collective action pursuant to 29 U.S.C. § 216(b).[11]  Plaintiffs hope to represent all non-supervisory workers admitted as H-2B temporary

---

[8] Rec. Doc. No. 22, p. 2.

[9] Rec. Doc. No. 22, p. 2

[10] Rec. Doc. No. 22, p. 3.

[11] Rec. Doc. No. 47, p. 2.  *See* Rec. Doc. No. 1, ¶¶ 57-67.

foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by the defendants between April 6, 2002, and the present.[12]   Plaintiffs additionally move for an order requiring defendants to produce the names, last known addresses and telephone numbers, if any, of the potential opt-in plaintiffs.

The FLSA provides that employees may bring an action against an employer on behalf of "similarly situated" employees.[13]   29 U.S.C. § 216(b).   Such an action is commonly referred to as a

---

[12] Rec. Doc. No. 47.

[13] 29 U.S.C. § 216(b) provides:
(b) Damages; right of action; attorney's fees and costs; termination of right of action
Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

-4-

"representative action" or a "collective action." *See Mooney v.
Aramaco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995)(discussing
the Age Discrimination in Employment Act which incorporates
section 16(b) of the FLSA). A collective action requires
putative plaintiffs to opt-in to the litigation rather than opt-
out. *Id.*

   Defendants do not object to the conditional certification of
plaintiffs' FLSA collective action, nor do they contend that
plaintiffs are not similarly situated.[14] Defendants also concede
that they should produce the names, addresses, and telephone
numbers of the current and former employees eligible to opt-in to
the collective action. However, defendants propose that
following some discovery, the Court should reevaluate whether
plaintiffs are similarly situated for the purpose of this
collective action. Defendants further request that the Court
craft the notice that will be sent to members of the putative
class such that upon defendants' filing a motion to decertify, an
informed decision can be made as to whether plaintiffs are
similarly situated.

   In *Mooney v. Aramaco Services Co.*, the Fifth Circuit
outlined a "two-stage" collective action process such as the one
urged by defendants. *Id.* at 1213. First, the court

---

[14] As of the date of plaintiffs' motion, nine individuals have submitted
opt-in forms. Rec. Doc. No. 47, ex. 1. Three additional individuals have since
filed consent-to-sue forms. *See* Rec. Doc. Nos. 48, 78.

conditionally certifies the class followed by notice to potential class members. *Id.* at 1213-14. Second, defendants may file a motion to decertify if they believe they can persuade the court that the members of the putative class are not similarly situated. *Id.* at 1214.

Defendants' opposition focuses on the content and form of the notice and the consent-to-sue form to be issued to potential plaintiffs. Defendants do not contend that plaintiffs' proposed notice is inadequate. Rather, defendants seek to engage in discovery through the consent-to-sue form, suggesting that the notice should request the following information:  name and contact information, dates of employment, location where the employee worked, name(s) of supervisor(s), rate(s) of pay received, information regarding transportation and/or visa expense claims, whether the employee was recruited by a labor contractor to work for defendants and, if so, the name of the recruiter and the amount of any fees paid.

While the Court does not believe it would be too onerous for opt-in plaintiffs to include their dates of employment in addition to their name, signature and the date on the opt-in form, the additional information sought by defendants at the opt-in stage is unnecessary to satisfy section 216(b)'s written consent requirement. *See Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616-17 (S.D. Tex. 1979)(citing *Montalvo v. Tower Life Bldg.*,

-6-

426 F.2d 1135 (5th Cir. 1970); *see also Threatt v. Residential CRF, Inc.*, No.Civ. 1:05CV117, 2005 WL 2648665, *2-3 (N.D. Ind. Oct. 17, 2005)(noting the FLSA's broad language regarding the filing of written consent-to-sue forms).   Finally, in accordance with § 216(b), the Court finds a basis for conditional certification of plaintiffs' FLSA collective action for the following class:   All non-supervisory workers employed by defendants pursuant to the H-2B alien labor visa program from April 6, 2002, through the present.

## II. Plaintiffs' Class Certification Motion

Plaintiffs seek to prosecute their AWPA claims as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.[15]   A

---

[15] Rule 23 provides in part:
(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impractical,(2) there are questions of law or fact common to the class,(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
(b) Class Action Maintainable.  An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other

-7-

district court maintains great discretion in certifying and managing a class action.  *Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 502 (5th Cir. 2004).  "The party seeking class certification has the burden of showing that the requirements for a class action have been met."  *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 573 (5th Cir. 1995).  "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class."  *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)(citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982); *Applewhite*, 67 F.3d at 573)).  "An action may proceed [as a class] *only* if the party seeking certification demonstrates that all four requirements of Rule 23(a) are met, and that at least one of the three requirements of Rule 23(b) are met."  *Vizena*, 360 F.3d at 502 (citing Fed. R. Civ. P. 23(a)-(b); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997))(emphasis in original).

Rule 23(a) requires:  (1) numerosity, *i.e.*, that the class be so numerous that joinder of all members is impracticable; (2)

---

available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

commonality, *i.e.*, that there be questions of law or fact common to the class; (3) typicality, *i.e.*, that the claims and defenses of the representative parties be typical of the claims or defenses of the class; and (4) adequacy, *i.e.*, that the representative parties fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a); *see James v. City of Dallas, Texas*, 254 F.3d 551, 569 (5th Cir. 2001)(citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 265 (5th Cir. 2000)).

### A. Numerosity

Rule 23(a)(1) first requires the class be so numerous that joinder of all members is impracticable.  No definite standard has been established as to what size class satisfies the numerosity requirement.  *Garcia v. Gloor*, 609 F.2d 156, 160 (5th Cir. 1980).  Plaintiffs allege that the proposed class will consist of about 300 migrant workers.[16]  While no minimum standard has been set for the size of a class, classes much smaller than plaintiffs' proposed 300 members have been found sufficient.  *See Silva-Arriaga v. Tex. Express, Inc.*, 222 F.R.D. 684, 688-89 (M.D. Fla. 2004)(finding numerosity based on the extreme burden of joining over 200 migrant lemon pickers); *McMiller v. Bird & Son, Inc.*, 68 F.R.D. 339, 341 (W.D. La.

---

[16] Rec. Doc. No. 1, ¶ 35.  Defendants concede that they employed a combined 236 employees in January, 2004, and January, 2005.  Rec. Doc. No. 70, p. 5.

1975)(finding that joinder of 121 class members would be impracticable); *Aguirre v. Bustos*, 89 F.R.D. 645 (D.N.M. 1981)(finding that a class of 60-100 farm workers met the numerosity requirement).

The Fifth Circuit has held that when conducting a numerosity analysis, the focus should not be on sheer numbers alone, but instead "on whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors." *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1022 (5th Cir. 1981); *see Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000); *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981).   When determining if joinder is impracticable, other relevant factors to consider include "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *See Zeidman*, 651 F.2d at 1038.

Plaintiffs allege that the members of the proposed class are spread throughout Guatemala and Mexico.[17]   When class members are widely dispersed geographically, joinder is less practicable. *Id.; see* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1762 (3d ed. 2005).   In addition, many putative class members may not be fluent in the

---

[17] Rec. Doc. No. 1, ¶ 35.

-10-

English language.[18]  This increases the impracticability of each
individual bringing his claim personally before the Court and
weighs in favor of certification.  Finally, the size of the
proposed class's claims is relatively small.[19]  Because the
proposed class is made up of about 300 migrant workers,[20] many of
whom reside in Guatemala and Mexico, and because of the
relatively small size of the individual claims, the Court finds
that Rule 23(a)'s numerosity requirement has been met.

### B.  Commonality

Rule 23(a)(2) requires that there be questions of law or
fact common to the class.  In order to demonstrate commonality,
plaintiffs must show that there is one common question of law or
fact.  *James*, 254 F.3d at 570.  "The interests and claims of the
various plaintiffs need not be identical.  Rather, the
commonality test is met when there is 'at least one issue whose
resolution will affect all or a significant number of the
putative class members.'"  *Forbush v. J.C. Penney Co.*, 994 F.2d
1101, 1106 (5th Cir. 1993)(quoting *Stewart v. Winter*, 669 F.2d
328, 335 (5th Cir. 1982)).  The test for commonality is not

---

[17] Rec. Doc. No. 1, ¶ 35.

[18] Rec. Doc. No. 1, ¶ 35.  Plaintiffs state that individual claims are of
a "relatively small size," but plaintiffs do not specify an amount.

[20] Defendants concede that the number of potential class members is
arguably "large enough to satisfy the numerosity requirement," Rec. Doc. No. 70,
p. 5, but they argue that the numbers are not so great that individual joinder
would be unmanageable.

demanding. *Mullen v. Treasure Chest Casino, LLC*, 186 **F.**3d 620, 625 (5th Cir. 1999).

In this case, the members of the proposed class share a common factual circumstance of having worked for defendants as H-2B temporary workers.[21]  Plaintiffs further allege that there are several common questions of fact:  1) whether defendants failed to pay the named plaintiffs and other class members prevailing and overtime wages promptly when due, as required by law and their employment contracts; 2) whether defendants violated their working arrangements with plaintiffs and other class members by failing to furnish the terms and conditions of employment promised plaintiffs in their contracts and by federal law; 3) whether defendants failed to timely provide plaintiffs and other class members with legally-required disclosures written in a language in which plaintiffs and other class members are fluent; 4) whether defendants, through their agents, knowingly provided the named plaintiffs and other class members with false and misleading information about the work and its compensation; and 5) whether defendants failed to maintain complete and accurate payroll records regarding plaintiffs' and other class members' work, as required by the AWPA and its implementing regulations.[22]  Because there is at least one common question of

---

[21] Rec. Doc. No. 1, ¶ 34.

[22] *See* Rec. Doc. No. 1, ¶ 36, 50, 51, 52, 53.  Because Rule 23(a)(2) only

-12-

fact, the commonality requirement of 23(a)(2) is satisfied.

### C. Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Like commonality, the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Mullen*, 186 F.3d at 625. Rule 23(a)(3) requires the named plaintiffs' claims to be similar enough to the claims of the class so that the representative will adequately represent them. 7A C. Wright *et al.*, Federal Practice and Procedure § 1764.

The named plaintiffs worked for defendants and allege that defendants' unlawful practices were typical of themselves and their co-workers.[23] Moreover, defendants do not dispute that plaintiffs satisfy the typicality requirement. Because the claims of the named plaintiffs and the proposed class arise from the same conduct and are based on the same legal theory, the Court finds that the typicality requirement of Rule 23(a)(3) is satisfied.

---

requires common questions of law or fact, the Court does not address plaintiffs argument that several common questions of law exist.

[23] Rec. Doc. No. 1, ¶ 1; *see* Rec. Doc. No. 22, ex. 1, affidavit of Hugo Martin Recinos-Recinos.

-13-

### D. Adequate Protection

The final requirement of Rule 23(a) is that the representative parties fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). The adequacy requirement "encompasses class representatives, their counsel, and the relationship between the two." *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002)(quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)). "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *Mullen*, 186 F.3d at 625-26.

Defendants challenge plaintiffs' satisfaction of Rule 23(a)(4)'s adequate representation requirement by 1) arguing that plaintiffs are unsuitable representatives of a putative class because they are indigent, uneducated and illiterate, and 2) presenting Naval Observatory sunrise and sunset records for certain locales to cast doubt on plaintiffs' allegations regarding the number of hours worked.

The Court finds that there is no conflict of interest between the named plaintiffs, Recinos-Recinos, Recinos-Alvarado, and Alvarado, and the interests of the class.[24]   Recinos-Recinos

---

[24] "If there is more than one named representative, it is not necessary that all the representatives meet the Rule 23(a)(4) standard; as long as one of the representatives is adequate, the requirement will be met." 7A C. Wright et

-14-

worked for defendants as an H-2B contract tree planter for various times beginning in 2000.[25]  Alvarado and Recinos-Alvarado both worked for defendants during the 2004-2005 planting season.[26]  The named plaintiffs allege, *inter alia*, that they and other employees of defendants were not properly paid for their work, that defendants did not reimburse them for travel expenses, and that defendants did not adequately describe the job to them.[27]  The Court cannot conclude that plaintiffs' indigence, lack of education, and/or lack of English language skills demonstrate that plaintiffs are subordinate to their counsel or otherwise inadequate to represent the class.

With respect to the number of hours allegedly worked, the sunrise and sunset tables provided by defendants have not persuaded the Court that the named plaintiffs are unsuitable representatives.  Plaintiffs have contended that they regularly

al., Federal Practice and Procedure § 1765; see *Aguirre v. Bustos*, 89 F.R.D. 645 (D.N.M. 1981)(In an action by migrant farm workers, when one representative was found to share common interests of the class and there was representation by competent counsel with resources especially suited to conducting litigation for the benefit of the migrant laborers, the requirement of Rule 23(a)(4) was deemed satisfied).

Even if the Court were to accept defendants' contention that Recinos-Recinos is not an adequate class representative, such a determination would not render this action unsuitable for class certification because another representative could be substituted.  *See Stewart v. Winter*, 669 F.2d 328, 334 (5th Cir. 1982).

[25] Rec. Doc. No. 22, ex. 1, ¶ 4, affidavit of Recinos-Recinos.

[26] Rec. Doc. No. 76, exs. 22, first affidavit of Alvarado, & 23, first affidavit of Recinos-Alvarado.

[27] *See id.*  *See also* Rec. Doc. No. 22, ex. 1, ¶¶ 3, 5, 6, 10-15.

-15-

worked more than forty hours per week.[28]  Plaintiffs have not
asserted that they were forced to work in the dark.  The sunset
tables submitted by defendants fail to cast doubt on plaintiffs'
suitability to represent the class.  As plaintiffs argue in their
reply memorandum, even accepting defendants' tables as true,
plaintiffs could still have worked more than forty hours each
week if they worked six days a week and if their preliminary and
postliminary work activities were included.[29]

As noted above, the adequacy requirement also looks to the
adequacy of class counsel.  *Berger v. Compaq Computer Corp.*, 257
F.3d 475, 479 (5th Cir. 2001).  Plaintiffs are represented by the
Immigrant Justice Project of the Southern Poverty Law Center, a
non-profit organization.  The Southern Poverty Law Center has
significant experience in the area of employment rights of
immigrant workers and it possesses sufficient funds to thoroughly
litigate this matter.[30]  Accordingly, the Court finds that the
Southern Poverty Law Center adequately represents the proposed
class.

### E. Rule 23(b)(3) Predominance and Superiority

In addition to fulfilling the four requirements of Rule
23(a), plaintiffs must satisfy one of the requirements of Rule

---

[28] Rec. Doc. No. 76, exs. 12, 13, 14, 16, 17, affidavits of Recinos,
Mendez, Mendez-Garcia, Garcia, and Aguilar, respectively.

[29] Rec. Doc. No. 76, pp. 9-10.

[30] Rec. Doc. No. 22, ex. 2, ¶¶ 3-5, affidavit of Mary Bauer, Esq.

-16-

23(b).[31]  *See Vizena v. Union Pacific Railroad Co.*, 360 F.3d 496,

502 (5th Cir. 2004).  Plaintiffs do not argue that their claims

meet the requirements of 23(b)(1) or 23(b)(2).[32]  Rule 23(b)(3)

contains two requirements which have been termed predominance and

superiority, i.e., 1) that the questions of law or fact common to

the members of the class predominate over questions affecting

individual class members, and 2) "that a class action is superior

to other available methods for the fair and efficient

adjudication of the controversy."

---

[31]  "An action may proceed [as a class] only if the party seeking
certification demonstrates that all four requirements of Rule 23(a) are met, and
that at least one of the three requirements of Rule 23(b) are met." *Vizena*, 360
F.3d at 502.
> Rule 23(b) provides:
>> (b) Class Action Maintainable.  An action may be maintained as a
>> class action if the prerequisites of subdivision (a) are satisfied,
>> and in addition:
>> (1) the prosecution of separate actions by or against individual
>> members of the class would create a risk of (A) inconsistent or
>> varying adjudications with respect to individual members of the
>> class which would establish incompatible standards of conduct for
>> the party opposing the class, or (B) adjudications with respect to
>> individual members of the class which would as a practical matter be
>> dispositive of the interests of the other members not parties to the
>> adjudications or substantially impair or impede their ability to
>> protect their interests; or
>> (2) the party opposing the class has acted or refused to act on
>> grounds generally applicable to the class, thereby making
>> appropriate final injunctive relief or corresponding declaratory
>> relief with respect to the class as a whole; or
>> (3) the court finds that the questions of law or fact common to the
>> members of the class predominate over any questions affecting only
>> individual members, and that a class action is superior to other
>> available methods for the fair and efficient adjudication of the
>> controversy. The matters pertinent to the findings include: (A) the
>> interest of members of the class in individually controlling the
>> prosecution or defense of separate actions; (B) the extent and
>> nature of any litigation concerning the controversy already
>> commenced by or against members of the class; (C) the desirability
>> or undesirability of concentrating the litigation of the claims in
>> the particular forum; (D) the difficulties likely to be encountered
>> in the management of a class action.

[32]  Rec. Doc. No. 22, p. 13.

-17-

Defendants argue that the predominance requirement has not been met because plaintiffs' FLSA collective action claims predominate over their AWPA claims. Predominance does not require all questions of law or fact to be common, but only that common questions predominate over individual questions. *In re Electronic Data Sys. Corp. Sec. Litigation*, 226 F.R.D. 559, 570 (E.D. Tex. 2005). "The standard for certification imposed by Rule 23(b)(3) is also more demanding than the commonality requirement of Rule 23(a), and as such, mandates caution." *Bell Atlantic Corp v. AT&T Corp*, 339 F.3d 294, 301 (5th Cir. 2003). In order to determine predominance, the Court must look to "understand the claims, defenses, relevant facts, and applicable substantive law." *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003).

Plaintiffs' AWPA claims are based on their employment in defendants' forestry operations. The AWPA claims alleged include: (1) that defendants failed to timely furnish plaintiffs with written disclosures pursuant to 29 U.S.C. § 1821(a); (2) that defendants knowingly provided false and misleading information about the terms and conditions of employment pursuant to 29 U.S.C. § 1821(f); (3) that defendants failed to make, keep, and preserve accurate records concerning plaintiffs' employment pursuant to 29 U.S.C. § 1821(d)(1); (4) that defendants failed to furnish accurate records to employees each pay period pursuant to

-18-

29 U.S.C. § 1821(d)(2); and (5) that defendants imposed a void
term and condition of employment purporting to waive or modify
plaintiffs' rights under the AWPA pursuant to 29 U.S.C. § 1856.

Plaintiffs' AWPA claims contain issues of fact and law which
are common to the named plaintiffs and to the potential class
members. Defendants have not identified a factual or legal issue
that affects the potential plaintiffs that are not common to the
proposed class. While a majority of plaintiffs' claims may arise
pursuant to the FLSA, Rule 23(b)(3) predominance requires that
common questions predominate over individual interests.
Plaintiffs' FLSA claims cannot be characterized as individual
issues. Therefore, the Court finds that the predominance
requirement has been met.

In order to determine superiority, the Court examines:
(a) the interest of the class members in individually controlling
the prosecution or defense of separate actions; (b) the extent
and nature of any litigation concerning the controversy already
commenced by or against members of the class; (c) the
desirability or undesirability of concentrating the litigation of
the claims in the particular forum; and (d) the difficulties
likely to be encountered in the management of a class action.
*See Castano v. American Tobacco*, 84 F.3d 734, 747-48 (5th Cir.
1996). Applying each of the four factors, the Court concludes
that trying plaintiffs' AWPA claims as a class action outweighs

-19-

denying class certification and allowing the claims to be
individually tried.

First, there is no indication that any member of the class
would prefer or be able to prosecute his or her own claim.
Plaintiffs reside in Mexico and Guatemala, are not fluent in
English, and lack sufficient resources to bring an individual
lawsuit.  Therefore, individual claims would be highly
impractical, if not impossible.  Second, there are no known
individual actions brought by class members concerning this
controversy.  Third, it is desirable to concentrate these actions
in one forum.  Fourth, aside from the usual complexities
encountered in class action litigation, there do not appear to be
any exceptional difficulties caused by litigating plaintiffs'
claims as a class instead of individually.  The Court finds that
plaintiffs have also satisfied the superiority requirement.

## III. The Subclass

Plaintiffs also request certification of a subclass of those
plaintiffs who pledged collateral with defendants' agents in
order to obtain employment with defendants.[33]  Plaintiffs propose
that the named plaintiff, Hugo Martin Recinos-Recinos, represent
the subclass.  Defendants have not objected to plaintiffs'
proposed subclass.

Rule 23(c)(4) empowers the Court to carve out an appropriate

---

[33] Rec. Doc. No. 22, p. 3.

class, including the construction of subclasses.  When subclasses are formed pursuant to subsection (c)(4)(B), the subclass must independently meet the requirements of Rule 23.  *See* 7A C. Wright *et al.*, Federal Practice and Procedure § 1790.  Failure to meet any of Rule 23's requirements will necessitate the dismissal of the action with respect to the subclass.  *Id.*  Plaintiffs' proposed subclass meets the requirements of Rule 23 for the same reasons that the Court has determined that class certification is appropriate.[34]  Accordingly, the Court finds that the subclass should be certified.

### *Conclusion*

**IT IS ORDERED** that plaintiffs' motion for conditional certification of their FLSA collective action (Rec. Doc. No. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that a joint consent-to-sue notice and opt-in form, which includes an additional line for an opt-in plaintiff's dates of employment, be submitted to the Court **no later than Monday, February 6, 2006.**

**IT IS FURTHER ORDERED** that defendants provide plaintiffs the names, last-known addresses and telephone numbers of all potential opt-in plaintiffs **no later than Wednesday, February 15,**

---

[34] Plaintiffs identify the following common question of fact with regard to the subclass:  "Whether the subclass members were required by defendants' agents to leave collateral with those agents in order to obtain employment with the defendants."  Rec. Doc. No. 22, p. 9.

2006.

IT IS FURTHER ORDERED that plaintiffs file their FLSA collective action opt-in forms **within 180 days of the entry of this order.**

IT IS FURTHER ORDERED that plaintiffs' motion for certification of a class action (Rec. Doc. No. 22) is **GRANTED.**

In order to fulfill the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, **IT IS ORDERED** that the parties meet and jointly draft a proposed notice of class certification **no later than Wednesday, February 15, 2006.**

New Orleans, Louisiana, January __27th__, 2006.


LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE