## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

### NEW ORLEANS DIVISION

| | |
|---|---|
| HUGO MARTIN RECINOS-RECINOS, PABLO RECINOS-ALVARADO, and ALBERTO ALVARADO on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EXPRESS FORESTRY, INC., RICK THOMAS, and SANDY THOMAS <br> Defendants. | Case No. 05-1355 I(3) <br><br><br> **FIRST AMENDED COMPLAINT** <br> **- CLASS ACTION** <br><br> Judge Lance M. Africk <br><br> Magistrate Judge Daniel E. Knowles III |

### PRELIMINARY STATEMENT

1.  This action is brought by migrant agricultural workers who were admitted to the United States to work under the H-2B temporary foreign worker visa program. The Plaintiffs have been employed in the forestry operations of the Defendants at various times during the period from April 1999 through the filing of this Complaint. The Plaintiffs seek redress on behalf of themselves and all others similarly situated for the



-1-

Defendants' violations of their rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1871 (1999) ("AWPA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (1998) ("FLSA").

2. This action is brought on behalf of a class of over 300 predominantly Guatemalan and Mexican migrant workers who planted trees and performed other forestry-related activities for the Defendants. The Plaintiffs and other class members are indigent migrant workers who the Defendants brought to the United States on temporary, H-2B work visas. The Plaintiffs and other class members left their homes and families and spent considerable money and effort to come to the United States to perform arduous jobs that the Defendants have certified that American workers were not willing to do. The named Plaintiffs were motivated by a desire to better support their families in Guatemala.

3. Almost all of the Plaintiffs and other class members are non-English speakers who had little, if any, understanding of their legal rights while working in the United States as H-2B forestry workers - particularly their legal rights to receive a prevailing hourly wage and overtime pay. The Defendants took full advantage of the Plaintiffs' and other class members' indigence, inability to speak or understand English, and their lack of understanding of the laws of the United States to grossly underpay them.

4.  The Plaintiffs seek restitution of unpaid wages, an award of money damages, declaratory relief, and injunctive relief to make them whole for damages they suffered due to the Defendants' violations of law and to ensure that they and other H-2B workers will not be subjected by the Defendants to such illegal conduct in the future.

**JURISDICTION**

5.  Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, 29 U.S.C. § 1854(a), this action arising under the AWPA, and 29 U.S.C. § 216(b), this action arising under the FLSA.

6.  The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S.C. § 1854(a).

**PARTIES**

8.  At all times relevant to this action, Plaintiffs and the other class members were H-2B temporary foreign workers within the meaning of 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

9.  At all times relevant to this action, the Plaintiffs and the other class members were migrant agricultural

workers within the meaning of 29 U.S.C. § 1802(8)(A), in that they were employed in agricultural employment of a seasonal nature and were required to be absent overnight from their permanent places of residence.

10. Substantial agricultural work was performed by the Plaintiffs and other class members for the Defendants within this District.

11. At all times relevant to this action, the Plaintiffs and the other class members were engaged in agricultural employment for the Defendants within the meaning of 29 U.S.C. § 1802(3).

12. At all times relevant to this action the Plaintiffs and the other class members were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

13. At all times relevant to this action, the Plaintiffs were employed by the Defendant within the meaning of 29 U.S.C. §203(g).

14. At all times relevant to this action, the Plaintiffs and the other class members were employed by the Defendants in the production of goods for sale in interstate commerce.

15. Defendant Express Forestry, Inc. is an Arkansas corporation that conducts business in this District.

16. At all times relevant to this action Defendant Express Forestry, Inc. was an agricultural employer within the meaning of 29 U.S.C. § 1802(2).

17. At all times relevant to this action, Defendant Express Forestry, Inc. employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

18. Defendant Rick Thomas is an individual resident of Arkansas who conducted significant business in this District. Defendant Rick Thomas had significant contacts with the state of Louisiana and this District such that jurisdiction and venue are proper in this Court.

19. At all times relevant to this action, Defendant Rick Thomas employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

20. Defendant Sandy Thomas is an individual resident of Arkansas who conducted significant business in this District. Defendant Sandy Thomas had significant contacts with the state of Louisiana and this District such that jurisdiction and venue are proper in this Court.

21. At all times relevant to this action, Defendant Sandy Thomas employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

## STATEMENT OF FACTS

22. The Defendants operate a tree-planting service, in which they bid on and negotiate contracts to plant trees on land owned by other individuals and companies. To fill the manpower requirements of their contracts, the Defendants sought importation of foreign

nationals to perform forestry work on a seasonal or temporary basis, in accordance with the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

23. The Plaintiffs and the other members of the class were admitted to the United States to be employed as members of labor crews organized by the Defendants. Each of the Plaintiffs and the other class members was issued a temporary visa, commonly referred to as an "H-2B visa," as authorized by 8 U.S.C. § 1101(a)(15)(H)(ii)(b), its attendant regulations, 8 C.F.R. § 214.2(h)(6), 20 C.F.R. § 655.3, and administrative letters and/or guidance. After being admitted to enter the U.S., the Plaintiffs and the other class members were then employed by the Defendants in the United States.

24. The Plaintiffs and other class members spent considerable sums of money to process their H2B work visas and travel from their home villages to the United States. These costs were incurred by the Plaintiffs for the primary benefit of their Defendant employers.

25. In addition, one of the named Plaintiffs, Hugo Martin Recinos-Recinos, as well as many other class members, were required to pledge collateral, in the form of the deed to their land, with the defendants' agents in Guatemala as a condition of being hired. The defendants have not returned these documents to Hugo Martin Recinos-Recinos nor, upon information and belief, to many other

class members.

26. As a condition of obtaining H-2B visas for the Plaintiffs and the other class members, the Defendants certified to the United States Department of Labor that, *inter alia*, the wages paid the Plaintiffs and other class members would equal or exceed the applicable prevailing wage, and that the job would not contravene Federal, State, or local law, including applicable requirements of the H-2B program, as set out in Department of Labor regulations and administrative interpretations.

27. The Defendants did not timely provide adequate disclosures of information regarding the work and its details to the Plaintiffs. When the Defendants did provide information to the Plaintiffs regarding work hours and manner of compensation, the information provided was false and misleading.

28. The Defendants did not issue accurate and complete records of employment to the Plaintiffs and other class members. The records the Defendants kept of the Plaintiffs' work were inadequate, inaccurate, false and misleading.

29. The Plaintiffs and other class members performed arduous tree planting and other work for the Defendants in Louisiana and other states. They regularly worked far in excess of 40 hours in a given work week.

30. The Defendants failed to pay the Plaintiffs and the other members of the class the minimum wage for all the work they

performed.

31. The Defendants failed to pay the Plaintiffs and the other members of the class the proper prevailing wage for all the work they performed.

32. The Defendants failed to pay the Plaintiffs and the other members of the class overtime wages for all compensable time they were employed in excess of forty (40) hours in a given workweek.

33. The Defendants failed to keep accurate records of Plaintiffs' piece rate work and failed to pay Plaintiffs the appropriate piece rates for the work they performed.

## CLASS ACTION ALLEGATIONS

34. All claims set forth in Count I are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35. The named Plaintiffs seek to represent a class consisting of all those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by the Defendants in any capacity from April 1999 until the date of filing of the present action.

36. The precise number of individuals in the class is known only to the Defendants. The class is believed to include well over 300 individuals. The class is comprised principally of indigent migrant farmworkers who maintain their residences in locations

throughout Guatemala and Mexico.  The class members are not fluent in the English language.  Indeed, many of the class speak indigenous Mayan languages as their primary language, and speak Spanish as a second language, with varying degrees of proficiency.  The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the maintenance of separate actions by each class member economically infeasible.  Joinder of all class members is impracticable.

37.  There are questions of fact common to the class.  These common questions include whether the Defendants failed to pay the named Plaintiffs and other class members prevailing and overtime wages promptly when due, as required by law and their employment contracts; whether Defendants failed to pay Plaintiffs the appropriate piece rates for the work they performed; whether the Defendants failed to provide workers the required disclosure; whether Defendants failed to maintain complete and accurate records regarding the class members' work; whether the Defendants failed to provide the class members with complete and accurate wage statements; whether the failure of the Defendants to pay the class members the prevailing wage and overtime pay as required by the H-2B temporary foreign labor program violated the AWPA's wage payment and working arrangement provisions; and whether the Defendants' failure to maintain complete and accurate records regarding the

work of the class members and Defendants' failure to provide the class members with complete and accurate wage statements, were violations of the AWPA.

38. The claims of the named Plaintiffs are typical of the class, and these typical, common claims predominate over any questions affecting only individual class members. The named Plaintiffs have the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

39. Counsel for the Plaintiffs have handled numerous AWPA and FLSA actions in the federal courts. They are prepared to advance litigation costs necessary to vigorously litigate this action.

40. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, <u>inter alia</u>:

- The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;
- Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;
- There has been no litigation already commenced against

the Defendants by the members of the class to determine the questions presented;

- It is desirable that the claims be heard in this forum since the Defendants have significant contacts with this District; and

- A class action can be managed without undue difficulty since the Defendants have regularly committed the violations complained of herein, and are required to maintain detailed records concerning each member of the class.

## COUNT I

### (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

### (CLASS ACTION)

41. This count sets forth a claim by the Plaintiffs and the other members of the class for declaratory relief and injunctive relief, including the restitution of unpaid wages with respect to the Defendants' violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

42. The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 40 above.

43. The certifications described in paragraph 26 above, as well as disclosures provided to Plaintiffs by Defendants, constituted working arrangements between the Defendants and the Plaintiffs and other class members within the meaning of the AWPA,

29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

44. The Defendants failed to pay the Plaintiffs and the other members of the class the proper prevailing wage for all the work they performed, failed to pay Plaintiffs for all piece rate work performed, and failed to pay the Plaintiffs and the other members of the class overtime wages for all compensable time they were employed in excess of forty (40) hours in a given workweek.

45. The violation of the AWPA as set out in paragraph 44 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and the other class members so as to raise their individual pay period wages to a rate equal to or exceeding the prevailing and overtime wage.

46. The violation of the AWPA as set out in paragraph 44 resulted in part from the Defendants' failure to reimburse the Plaintiffs and the other members of the class for expenses they incurred which were primarily for the benefit of the Defendants, as well as the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and the other class members.

47. The violation of the AWPA as set out in paragraph 44 resulted in part from the Defendants' failure to pay the Plaintiffs and other members of the class the appropriate piece rate for all piece rate work they performed.

48. By their actions as described in paragraphs 44, 45, 46,

and 47, the Defendants violated without justification their working arrangement with the Plaintiffs and the other members of the class, thereby violating the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

49. By their actions as described in paragraphs 44, 45, 46, and 47, the Defendants failed to pay the Plaintiffs and other members of the class their wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

50. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

51. As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered damages.

52. The Defendants did not timely provide the Plaintiffs and other class members with a written disclosure providing required information regarding their employment in the language in which the Plaintiffs and other class members are fluent, in violation of the AWPA, 29 U.S.C. § 1821(a); 29 U.S.C. §1821(g) and 29 C.F.R. § 500.78;

53. The Defendants knowingly provided false and misleading information to the Plaintiff workers and other class members, regarding the terms and conditions of their agricultural employment, in violation of the AWPA 29 U.S.C. § 1821(f); 29 C.F.R. § 500.77.

54. The Defendants failed to make, keep, and preserve accurate and complete records regarding the Plaintiffs' and the other class members' employment, in violation of the AWPA, 29 U.S.C. § 1821(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a).

55. The Defendants failed to provide the Plaintiffs and the other class members complete and accurate itemized written statements for each pay period containing the required information, in violation of the AWPA, 29 U.S.C. § 1821(d)(2), and its attendant regulations, 29 C.F.R. § 500.80(d).

56. The agreement of Plaintiff Hugo Martin Recinos-Recinos and other class members with the Defendants to sign over collateral in order to obtain employment with the Defendants was an agreement that purported to waive or modify the Plaintiffs' rights under the AWPA, in violation 29 U.S.C. § 1856.

57. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29

U.S.C. § 1854(c)(1).

58. As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered damages.

## COUNT II

### (FAIR LABOR STANDARDS ACT)

### (COLLECTIVE ACTION)

59. This count sets forth a claim for declaratory relief and damages for the Defendants' violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). This count is stated by the Plaintiffs and other current or former H-2B temporary foreign workers employed by the Defendants who are similarly situated.

60. The Plaintiffs re-allege and incorporate by reference the allegations set forth above.

61. At no time relevant to this action did the Defendants post in a conspicuous place a poster or other written statement advising the Plaintiffs and others similarly situated of their rights under the FLSA. Such posting is required by regulations issued under the FLSA, 29 C.F.R. § 516.4.

62. Pursuant to 29 U.S.C. § 216(b), Plaintiffs Hugo Martin Recinos-Recinos, Pablo Recinos-Alvarado and Alberto Alvarado have consented in writing to be party plaintiffs in this FLSA action.

Their written consents were attached to the original complaint filed with this Court.

63. The Defendants violated 29 U.S.C. § 206(a) by failing to pay each of the Plaintiffs and others similarly situated the applicable minimum wage for every compensable hour of labor they performed.

64. The Defendants violated 29 U.S.C. § 207(a) by failing to pay the Plaintiffs and others similarly situated at an hourly rate equal to one and a half times the regular hourly rate at which they were employed for all compensable time they were employed in excess of forty (40) hours in each workweek.

65. The violations of the FLSA set out in paragraphs 63 and 64 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and others similarly situated so as to raise their individual pay period wages to a rate equal to or exceeding the minimum and overtime wage.

66. The violations of the FLSA set out in paragraphs 63 and 64 resulted, in part, from the Defendants' failure to reimburse the Plaintiffs and others similarly situated for expenses the workers incurred which were primarily for the benefit of the Defendants.

67. The violations of the FLSA set out in paragraphs 63 and 64 resulted, in part, from the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and others similarly situated.

68. The Defendants' failures to pay the Plaintiffs and others similarly situated the federally mandated hourly minimum wage and the federally mandated overtime wage rate, for all time they were employed in excess of forty (40) in a workweek, were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

69. As a consequence of the Defendants' violation of the FLSA, the Plaintiffs and others similarly situated are entitled to recover their unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

1. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

2. With respect to the claims set forth in Count II, permitting this case to proceed as a collective action, ordering the Defendants to disclose the names and addresses of all those individuals who are similarly situated, and permitting the Plaintiffs to send notice of this action to all those similarly situated individuals.

3. Declaring that the Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its

attendant regulations, as set forth in Count I;

4. Declaring that the Defendants willfully violated the minimum wage and overtime provisions of the Fair Labor Standards Act, as set forth in Count II;

5. Granting judgment in favor of the Plaintiffs and the other class members and against the Defendants on these Plaintiffs' and other class members' claims under the AWPA as set forth in Count I and awarding each of the Plaintiffs and the other class members actual or statutory damages for each violation of the AWPA, whichever is greater.

6. Declaring the agreement by Hugo Martin Recinos-Recinos and other class members to pledge collateral in order to obtain employment with the Defendants void under the AWPA and issuing a remedial injunction requiring the return of that collateral;

7. Permanently enjoining the Defendants from further violations of the AWPA and its attendant regulations;

8. Granting judgment in favor of the Plaintiffs and all others similarly situated and against the Defendants on their claims under the Fair Labor Standards Act as set forth in Count II and awarding each of these Plaintiffs and all other similarly situated individuals who opt-in to this action his unpaid minimum and overtime wages and an equal amount in liquidated damages;

9. Awarding the Plaintiffs the costs of this action;

10. Awarding the Plaintiffs a reasonable attorney's

fee with respect to their Fair Labor Standards Act claims; and

11. Granting such further relief as is just and equitable.

Respectfully submitted this 17th day of April, 2006

*signature*

Kristi Graunke
Georgia Bar Number 305653
*Pro Hac Vice*
Mary C. Bauer (T.A.)
Virginia Bar Number 31388
*Pro Hac Vice*
Andrew Turner
Virginia Bar Number 48853
*Pro Hac Vice*
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104
334-956-8200
334-956-8481 (fax)

*signature*

Hector Linares
Juvenile Justice Project of Louisiana
Louisiana Bar Number 28857
1600 Oretha Castle Haley Blvd.
New Orleans, LA 70113
504-522-5437
504-522-5430 (fax)

Attorneys for Plaintiffs