UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HUGO MARTIN RECINOS-RECINOS, *et al.*                    CIVIL ACTION

**versus**                                                  No. 05-1355

EXPRESS FORESTRY, INC., *et al.*                         SECTION: I/3


ORDER AND REASONS

This matter is before the Court on defendants' motion[1] to review the Magistrate's Order[2] granting in part plaintiffs' renewed motion for contempt, sanctions, and to compel. Plaintiffs filed a memorandum in opposition[3] to defendants' motion, urging this Court to affirm the Magistrate's Order and award reasonable attorney's fees and costs in connection with the preparation of their opposition.

The Magistrates Act confers authority for magistrate judges to hear and determine any civil non-dispositive pre-trial matter. 28 U.S.C. § 636(b)(1)(A). Generally, matters concerning discovery are considered non-dispositive of the litigation. *See*, *e.g.*, *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1981). District courts apply the "clearly erroneous or contrary to law" standard of review to non-dispositive rulings by a magistrate. Fed. R. Civ. P. 72(a). Therefore, this Court

---

[1]Rec. Doc. No. 161-1.

[2]Rec. Doc. No. 155.

[3]Rec. Doc. No. 165.

applies that standard regarding the Magistrate's imposition of sanctions in connection with the discovery process.

Rule 37 of the Federal Rules of Civil Procedure empowers the Court to afford the moving party reasonable expenses, including attorney's fees, in granting a motion to compel.  Fed. R. Civ. P. 37(a)(4).  Moreover, where a party fails to comply with a court order regarding discovery, the failure may be treated as contempt of court and sanctioned accordingly.  Fed. R. Civ. P. 37(b).  The Court also possesses inherent power to sanction bad-faith conduct even if it is beyond the scope of federal rules and statutes. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 2136, 115 L. Ed. 2d 27 (1991).

After a thorough review of the law, defendants' motion, and the record, the Court finds that the Magistrate's ruling was neither clearly erroneous nor contrary to law nor unjustified. Defendants' motion does little to explain or justify defendants' actions in violation of court discovery orders.[4]  Moreover, this

---

[4]Even assuming, *arguendo*, that defendants' assertions regarding class information and the foremen's notebooks are correct, there remains ample evidence to support a finding that the Magistrate's imposition of sanctions is neither clearly erroneous nor contrary to law.  For instance, "On multiple occasions, defendants represented to plaintiffs and this Court that, other than these lump sum printouts, no payroll data was available."  Rec. Doc. No. 155, p. 7.  Yet, plaintiff's computer expert retrieved thousands of pages of relevant data that should have been produced pursuant to the Court's earlier order.  *Id.*  These expert services cost plaintiffs $9,544.24.  *Id.* at p. 8. The defendants' delayed production of discovery materials, such as pay stubs, also "effectively delayed deposition discovery until the end of the planting season," preventing plaintiffs from compelling the depositions of Express Forestry's foremen/supervisors before they left the United States.  *Id.* at pp. 14-15.  Defendants also falsely denied, in direct response to questions by the Court, that defendants had any involvement in efforts in Guatemala to coerce named/opt-in and putative class members to withdraw their claims against

Court is deeply troubled by the Magistrate's finding that defendants "flouted the orders of this Court" and provided "in certain instances, downright deceitful responses."[5]  Such actions will not be tolerated by this Court.

The Court also finds that the award of reasonable attorney's fees to plaintiffs for preparation of their opposition to defendant's motion is appropriate.  Plaintiffs were required to oppose this motion in order to recover expenses they have incurred and may incur as a result of defendants' failure to comply with discovery orders of the Court.  Given that the Court finds defendants' motion for review to be without merit, to require plaintiffs to bear these costs of opposition "would create a disincentive for seeking sanctions in the first place and thus undermine the purposes behind Rule 37." *Rajala v. Allied Corp.*, No. 82-2282, 1985 WL 8030, at *1 (D. Kan. Jan. 10, 1985) (Sullivant, Mag.) (quoting *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 475 (7th Cir. 1984)).  Pursuant to Rule 37 and its inherent power, the Court will award reasonable attorney's fees to plaintiffs.

Once the district court concludes that a party is entitled to attorney's fees, it utilizes the lodestar method to determine the amount to be awarded.  *Wegner v. Standard Ins. Co.*,  129 F.3d

---

defendants.  *Id.* at pp. 11-13.

[5]Rec. Doc. No. 155, p. 23.

814, 822 (5th Cir. 1997).  Under this method, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the "lodestar." *Id.* (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Forbush v. J.C.Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996)).  The lodestar is then adjusted upward or downward, depending on the circumstances of the case, after assessing the dozen factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).  *Id.*

The Court has fully reviewed plaintiffs' record of fees in preparing their opposition to defendants' motion,[6] and incorporates that record herein by reference.  As Magistrate Judge Knowles found, the Court finds that the hourly rates charged by plaintiffs' attorneys are reasonable and appropriate given their levels of experience, competence, and skill, and in comparison to the prevailing market rates in this district.  The Court also finds the total hours billed reasonable, given counsel's deduction of time for inefficiency and the additional 10% reduction in hours billed by Kristi Graunke, Esq.  Therefore, the Court finds that the lodestar calculation is $1,173.75, as submitted by plaintiffs.

---

[6]Rec. Doc. No. 174-2.

The Court must consider the *Johnson* factors[7] and determine whether any upward or downward adjustment in the lodestar is appropriate.  To the extent that these factors apply in this case, the Court finds that they are subsumed in the loadstar. The Court notes that "the most critical factor is the degree of success [or results] obtained."  *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d. 40 (1983).  The Court finds that plaintiffs' billed hours as reflected in the lodestar are reasonable and were effective in opposing defendants' motion.  Having considered the *Johnson* factors and the teachings in *Hensley* and its progeny, the Court finds that no upward or downward departure from the lodestar is warranted.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that defendants' motion[8] for reversal of the Magistrate's Order imposing sanctions on defendants, dated August 11, 2006, is **DENIED.**

**IT IS FURTHER ORDERED** that defendants shall, in addition to those fees assessed in the Magistrate's Order, pay plaintiffs'

---

[7]The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Johnson*,488 F.2d at 717-19.

[8]Rec. Doc. No. 161.

counsel attorney's fees in the amount of **$1,173.75**.

  **IT IS FURTHER ORDERED** that defendants shall pay the $36,391.24 imposed pursuant to the Magistrate's Order and the $1,173.75 additionally imposed pursuant to this Order forthwith and in no event later than **fifteen (15) days** from the date of entry of this Order.

  New Orleans, Louisiana, November ___20th___, 2006.

                    _____
                        LANCE M. AFRICK
                UNITED STATES DISTRICT JUDGE