```
                  UNITED STATES  DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**HUGO MARTIN RECINOS-RECINOS, et al.**                 CIVIL ACTION

**versus**                                              NO. 05-1355

**EXPRESS FORESTRY, INC, et al.**                       SECTION: I/3

O R D E R

Having conducted a *de novo* review of the record,[1] the applicable law, the Report and Recommendation of the United States Magistrate Judge, and defendants' objections to the Magistrate Judge's Report and Recommendation,[2] the Court hereby overrules defendants' objections to the recommendation to enforce the settlement agreement approved by this Court. The Court accepts the

---

[1] The Court notes that defendants failed to comply with Rule 72(b) of the Federal Rules of Evidence's requirement that "[a] party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record." However, the Court has, by its own action, obtained a transcription of the evidentiary hearing held before the Magistrate Judge on March 17, 2008.

[2] Rule 72(b) of the Federal Rules of Civil Procedure requires a district judge to make a *de novo* review of the record after timely objections have been made to the Magistrate Judge's ruling on a dispositive motion. Fed. R. Civ. P. 72(b); *Neidhardt v. Jones*, 2003 WL 22416385, at *1 (E.D. La. Oct. 22, 2003) (Duval, J.) (quoting Fed. R. Civ. P. 72(b))("Where a party makes 'specific, written objections' within 10 days after being served with a copy of the magistrate's recommendations, the district court must undertake a de novo review of those contested aspects of the report."). Following this review, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). This Court has previously found a motion to enforce settlement as having "dispositive impact." *Guedry v. Marino*, 1996 WL 603921, at *1 (E.D. La. Oct. 21, 1996)(Vance, J.).

Rule 72(b) of the Federal Rules of Civil Procedure permits the Court to consider additional evidence not presented to the Magistrate Judge. Although defendants submit three exhibits with their supplemental objections, including a letter to plaintiff's counsel and an email string between defendants and an attorney not enrolled in this litigation, these exhibits are not authenticated nor do they appear to support their objections.

Report and Recommendation of the United States Magistrate Judge, adopting it as its own opinion and making further clarification.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to enforce be **GRANTED** in the following particulars, to wit:

(1) Defendants are ordered to provide full compensation for all members of the 2007-2008 workforce for any transportation deductions, including "personal rides" to work sites.

(2) Defendants are ordered to refrain from making future deductions for long-distance transportation, which is an expense that primarily benefits the employer under *Arriaga*, if such deductions (or the failure to reimburse for transportation) drive employees' wages below the minimum wage set by law.

(3) Defendants are ordered to refrain from making deductions for costs of local, commuter-type transportation such as personal rides that are customarily furnished to employees, if such costs are unreasonable. Deductions for personal rides shall only be reasonable if they are commensurate with, and based solely on, the cost to defendants and include no gain for defendants.

(4) Defendants are ordered to supplement the *Arriaga* reimbursements, which is the one-time transportation costs from employees' homes to work sites, in quantities necessary to fully compensate the H-2B workers actual costs of travel from their hometowns in Guatemala and Mexico. The reimbursement must take into account the **actual cost** to the employee and cannot be generalized,

flat amounts for all employees coming from a particular country. In accordance with *Arriaga*, defendants shall reimburse these expenses up to the point that the FLSA minimum wage provisions are satisfied.

(5) Defendants are ordered to reimburse the workers for all fees that defendants' current or former employees charged to workers in the **2007-2008** forestry season as a prerequisite for obtaining employment, including amounts paid to defendants as hotel deposits in violation of section V, paragraph 27 of the settlement agreement.

(6) Defendants are ordered to refrain from requiring employees to pay any money directly to them as prepayments or deposits for hotels.

(7) Defendants are ordered to prepare a notice informing employees of the problematic contractual language, requiring employees to agree not to "[c]ontinue, support or consent to any claim, charge, complaint or lawsuit in any forum, agency or court of justice against the Employer....," which may improperly preclude employees from asserting their legal rights in light of the FLSA's and AWPA's anti-retaliation provisions.

(8) Defendants are ordered to remove from workers' time cards all language that indicates that the employees are responsible for controlling and recording their own hours of work, since it is clear from testimony submitted that crew leaders control all movements, stops, start and travel of the 15-person Express

Forestry crew transport vans.

(9) Defendants are ordered to submit to limited discovery to further probe the veracity and accuracy of the defendants' pay and time records.

(10) Defendants are ordered to pay liquidated damages in accordance with the schedule set forth in the settlement agreement.

(11) Defendants are ordered to pay plaintiff's counsel reasonable attorney's fees and expenses incurred in connection with prosecuting the instant motion to enforce and for contempt pursuant to section VIII, paragraph 33 of the settlement agreement.

**IT IS FURTHER ORDERED** that defendants' motion for protective order and sanctions is **DENIED.**

New Orleans, Louisiana, September __26th__, 2008.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE