UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

_____
HUGO MARTIN RECINOS-RECINOS, )
PABLO RECINOS-ALVARADO, and )
ALBERTO ALVARADO )
on behalf of themselves and all ) **Case No. 05-1355 "I" (3)**
others similarly situated, ) **Judge Lance M. Africk**
 ) **Magistrate Judge Daniel E.**
 Plaintiffs, ) **Knowles**
v. )
 )
EXPRESS FORESTRY, INC., )
RICK THOMAS, and )
SANDY THOMAS )
 Defendants. )
_____ )

**MOTION TO APPROVE SETTLEMENT OF CONTEMPT CLAIMS**

This case involves the claims of migrant forestry workers who filed suit under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") and the Fair Labor Standards Act ("FLSA") in April 2005 against Defendants Express Forestry, Inc., and Rick and Sandy Thomas. On November 30, 2006, the parties entered into a settlement agreement before Magistrate Judge Knowles. Rec. Doc. 215 (Minute Entry of Proceedings); Rec. Doc. 221-3 (Proposed Settlement Agreement). The court granted final approval of the agreement on May 11, 2007, entered an injunction pursuant to the AWPA, and retained jurisdiction to enforce the agreement for a three-year period. Rec. Doc. 223 (Order Approving Final Class Settlement); Rec. Doc 221-3, ¶¶ 19, 36.

On December 21, 2007, after it became clear that the Defendants were not complying with the terms of the settlement agreement, Plaintiffs filed a Motion for Contempt and to Enforce the Settlement Agreement. Rec. Doc. 225. After auditing Defendants' payroll records, Plaintiffs became aware of additional serious violations of the settlement agreement, which they outlined in their Reply Memorandum in Support of their Motion to Enforce. See Rec. Doc. 245. An evidentiary hearing was held on this motion on March 17, 2008 at which Defendants Rick and Sandy Thomas appeared and provided testimony to the Court.

On August 19, 2008, Magistrate Judge Knowles issued a Report and Recommendation that Plaintiffs' Motion to Enforce be granted and recommended that the Defendants take specific steps to comply with the settlement agreement. Rec. Doc. 250. Defendants noted their objection to the Magistrate Judge's Report and Recommendation on August 29, 2008. Rec. Doc. 255. Following a *de novo* review of the Magistrate Judge's Report, this Court issued an order adopting the Report and Recommendation as its own. Rec. Doc. 263 at 1-2. Among the actions that the Court ordered the Defendants to take included: full compensation to the 2007-2008 workforce for transportation deductions; supplemental reimbursement of the costs of travel from the workers' homes to the work sites to take into account the actual costs to each individual up to the point of the federal minimum wage; and reimbursement of all fees that workers were required to pay as a prerequisite for obtaining employment, including hotel deposits. Rec. Doc. 263 at 2-3. Plaintiffs repeatedly attempted to communicate with Defendants regarding their obligations under the September 26, 2008 order but were unable resolve the matter. See Rec.

Doc. 266-2 at 5 (detailing communications with Defendants and counsel).  When Plaintiffs realized that Defendants had taken no action to comply with the Court order, Plaintiffs filed a Motion for Contempt on February 5, 2009.  Rec. Doc. 266-2.

Magistrate Judge Knowles held a settlement conference on April 15, 2009, at which the Defendants agreed to pay $130,000 to resolve the claims of those class members injured by the Defendants' failure to comply with the settlement agreement, $5,000 of which would be dedicated to paying the final paychecks for workers from the 2007-2008 season.  See Ex. 1; Rec. Doc. 275 (Minute Entry of Proceedings). As a result of this most recent proposed settlement, the Magistrate Judge has dismissed as moot Plaintiffs' pending Motion for Contempt, subject to their right to renew should the Defendants fail to comply with their obligation to pay within 60 days.  Rec. Doc. 274.

The underlying case was brought as a class action pursuant to Federal Rule of Civil Procedure 23 and covered workers from 1999 through 2005.  The current posture of the case, however, is settlement of a contempt action arising out of this Court's order granting Plaintiffs' Motion to Enforce and covering only a single season.   For reasons stated more fully in the Memorandum in Support of this Motion, Plaintiffs contend that this settlement agreement comports with the basic requirements of fairness and adequately protects the interests of the class.

Wherefore, the Plaintiffs respectfully request that the Court approve the parties' settlement, as set out in the attached Settlement Agreement, as fair, adequate, and reasonable.

Respectfully submitted,

_/s/ Mary Bauer_____
Mary C. Bauer
*Pro Hac Vice* Virginia State Bar #31388
mbauer@splcenter.org
Kristi L. Graunke
*Pro Hac Vice* Georgia State Bar #305653
kgraunke@splcenter.org
Andrew H. Turner
*Pro Hac Vice* Virginia State Bar #48853
aturner@splcenter.org
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL 36104
Tel: (334)-956-8200
Fax: (334)-956-8481

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on June 2, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this action


This 2nd day of June, 2009

_/s/ Mary Bauer_____
Attorney for Plaintiffs